UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE RAY THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTIANA OKWANOKO, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00027-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, WITHOUT PREJUDICE<br><br>(ECF No. 12)<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN 30 DAYS<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A BLANK APPLICATION TO PROCEED IN FORMA PAUPERIS |

　　　　Plaintiff is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 20, 2023, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, along with a Trust Account Statement. (ECF No. 6). According to Plaintiff's application, he is not employed, he has not received money from any sources in the last twelve months, and he has no money or other assets. However, according to the attached Trust Account Statement, between August 30, 2022, and December 8, 2022, Plaintiff received $947.30. "As the evidence before the Court of Plaintiff's assets [was] inconclusive," the Court denied Plaintiff's application without prejudice and allowed to submit another application "to clarify his financial condition and adequately demonstrate financial hardship." (ECF No. 9, pgs. 1-2).

　　　　On March 23, 2023, Plaintiff filed another application to proceed *in forma pauperis*.

1

(ECF No. 12).[1] Plaintiff once again states he is not employed, he has not received money from any sources in the last twelve months, and he has no money or other assets. He does not explain the $947.30 he received between August 30, 2022, and December 8, 2022. Additionally, according to the attached trust statement, Plaintiff received $232.84 between January 31, 2023, and March 14, 2023. Plaintiff does not provide an explanation regarding these funds either.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(A). Additionally, "courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020). See also Steshenko v. Gayrard, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice.") (citing Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983)), aff'd sub nom. Steshenko v. Albee, 691 F. App'x 869 (9th Cir. 2017).

As the evidence before the Court of Plaintiff's assets is still inconclusive, the Court will deny Plaintiff's application without prejudice and provide Plaintiff with one final opportunity to clarify his financial condition and adequately demonstrate financial hardship. As Plaintiff is receiving money while swearing under penalty of perjury that he is not, the Court also warns Plaintiff that knowingly providing inaccurate information on the application may result in dismissal of the action with prejudice.

---

[1] Plaintiff included a state court application to waive court fees as well. The Court will not address Plaintiff's state court application.

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 12) is denied without prejudice;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall submit the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $402.00 filing fee for this action;
3. Failure to comply with this order may result in dismissal of this action; and
4. The Clerk of Court is directed to send Plaintiff a blank application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:   **March 24, 2023**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE