UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE RAY THOMAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTIANA OKWANOKO, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00027-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Plaintiff is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 20, 2023, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, along with a Trust Account Statement.  (ECF No. 6).  According to Plaintiff's application, he is not employed, he has not received money from any sources in the last twelve months, and he has no money or other assets.

　　　　However, according to the attached Trust Account Statement, between August 30, 2022, and December 8, 2022, Plaintiff received $947.30.  "As the evidence before the Court of Plaintiff's assets [was] inconclusive," the Court denied Plaintiff's application without prejudice and allowed to submit another application "to clarify his financial condition and adequately demonstrate financial hardship." (ECF No. 9, pgs. 1-2).

On March 23, 2023, Plaintiff filed another application to proceed *in forma pauperis*. (ECF No. 12). Plaintiff once again stated he is not employed, he has not received money from any sources in the last twelve months, and he has no money or other assets. He did not explain the $947.30 he received between August 30, 2022, and December 8, 2022. Additionally, according to the attached trust statement, Plaintiff received $232.84 between January 31, 2023, and March 14, 2023, and Plaintiff did not provide an explanation regarding these funds either. As the evidence of Plaintiff's assets was still inconclusive, the Court denied Plaintiff's application without prejudice and provided "Plaintiff with one final opportunity to clarify his financial condition and adequately demonstrate financial hardship." (ECF No. 13, pgs. 2-3).

On April 24, 2023, Plaintiff filed a one-page handwritten application to proceed *in forma pauperis*.[1] Plaintiff asks the Court to grant him *in forma pauperis* status and to direct that ten percent be taken from his Trust Account every thirty days because he has no way of paying the filing fee in full.

Plaintiff provides no information regarding his financial condition. Additionally, the application is not signed under penalty of perjury. Accordingly, Plaintiff once again failed to clarify his financial condition and adequately demonstrate financial hardship.

Between August 30, 2022, and December 8, 2022, Plaintiff received $947.30. (See ECF No. 6, p. 3). Thus, Plaintiff, who is a prisoner, received more than enough funds to pay the filing fee prior to filing this case. Despite being given two additional opportunities to clarify his financial condition and adequately demonstrate financial hardship, Plaintiff did not do so. Therefore, the Court will recommend that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the filing fee of $402.00 for this action in full.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 14) be DENIED; and

---

[1] The Court provided Plaintiff with a form (ECF No. 13-1, pgs. 2-3), but Plaintiff did not use it.

    2.    Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **April 26, 2023**                                 /s/ Erica P. Grosjean
                                                                                  UNITED STATES MAGISTRATE JUDGE